SAMUEL A. LIPPITT *et al. vs.* WEENAT SHASSIT ASSOCIATION.

JANUARY 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought by the complainants, owners of property which adjoins land of the respondent, situated on Thames street in the city of Newport, to enjoin the respondent from erecting a certain building on part of the land owned by said respondent.

The cause was heard in the Superior Court on bill, answer and proof, and a decree was entered denying the prayer and dismissing the bill. The cause is now before this court on the complainants' appeal from this decree.

The complainants base their prayer for relief upon a certain easement reserved in a deed from Charles Feke to Daniel Rogers dated September 9, 1791 and recorded in the Land Evidence Records of the city of Newport. The language creating such easement is as follows: "And I, the said Charles Feke, for myself and my heirs, executors and administrators, do covenant, promise and grant, to and with the said Daniel Rogers, his heirs and assigns, that the avenue twelve feet and an half wide at and upon Thames Street and eleven feet wide in the rere, fifty feet in length upon which the said estate, late Joshua Saunders, deceased, bounds northerly, leading heretofore, to the mansion dwelling house of the said John Cranston now erased and destroyed, and separating between the dwelling house of the late Dr. William Hunter, deceased, so far as the said Joshua Saunders' late dwelling house extends, shall remain and be open, unoccupied or improved, with any building or edifice whereby the windows in the said Joshua Saunders' late dwelling house may be obstructed or injured."

It is admitted that the land now owned by the complainants is the land referred to in the above deed, the land of Joshua Saunders, and that the respondent's land includes the "avenue twelve feet and an half wide," referred to therein, on which the respondent intends to build.

The respondent contends that the easement was created for the benefit of a particular building only, namely, "the

late Joshua Saunders' Dwelling House"; that the burden is on the complainants to prove that said structure is still in existence; and that if it is not, the easement is extinguished.

An engineer offered as a witness by complainants testified that while examining the cellar of complainants' building (known as the Langley Building) he discovered an old wall which probably was the foundation of a building antedating the present structure, with which the present building has no connection and which clearly indicates that the present structure is not the original building. There is no testimony regarding the area, location or height of the original "Joshua Saunders' house" nor regarding the origin of the building now on complainants' land. It appeared in testimony, however, that during the sixty years prior to the time of bringing this suit the present building has been extensively altered so that it has now long been used strictly for business purposes, namely, for stores and a rooming house. In various deeds executed subsequent to the deed of September 9, 1791, no mention is made of the easement which complainants contend has existed through all the intervening years. Had it existed and the house to which it attached remained upon the land undoubtedly it would have been referred to in such deeds.

The question presented is whether there has been an abandonment and thereby an extinguishment of the easement by a change in the dominant estate. It is a well established rule that an easement of light and air may be abandoned through a substantial change in the dominant estate.

In *Rudderham* v. *Emery Bros.*, 46 R. I. at 175, this court held that: "where a complainant's rights have previously been limited to a specific building the destruction of the building is conclusive of those rights, and that such rights terminate upon such destruction and will not revive by the erection of a new structure upon the same premises, even though such new structure may occupy the same relative

position on the land as the old building" and citing *Brechet* v. *Johnson Hardware Co.*, 139 Minn. 436 and *Cohen* v. *Kutner Co.*, L. R. A. (1918 D) 410. To the same effect in 13 C. L. R. 409, 410, the rule in regard to the terminating of easements is stated as follows: "An easement may be appurtenant . . . to a particular structure on the land as distinguished from the land itself. Indeed, the right may even be appurtenant to a portion of a structure such as the second story of a building. The distinction between an easement appurtenant to the fee, and an easement appurtenant to some lesser estate or to a particular structure is vital. It is clear that the easement can be no greater than that to which it is appurtenant. If the estate to which the easement is appurtenant determines or if the thing to which it is appurtenant is destroyed the easement must of necessity perish for want of a dominant estate." This rule is approved in the following cases: *Cotting* v. *City of Boston*, 201 Mass. 97; *City National Bank* v. *Van Meter*, 59 N. J. Eq. 32; *Fowler* v. *Wick*, 74 N. J. Eq. 603.

The easement was appurtenant to the dwelling house of Joshua Saunders and in the absence of proof that this house is now in existence complainants have failed to make out a case entitling them to relief.

Complainants' appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Moore & Curry, Frank F. Nolan,* for complainants.
*Max Levy, Sheffield & Harvey,* for respondent.