HOPKINS THE FLORIST, INC. *v.* RICHARD FLEMING ET ALS.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Osmer C. Fitts* and *John A. Swainbank* for plaintiff.

*Gibson & Gibson* for defendants.

BUTTLES, J. The plaintiff and the defendants Fleming are owners of adjoining parcels of real estate situated on the easterly side of Main Street in Brattleboro, title to which was derived, through mesne conveyances, from a common grantor. The deed from the common grantor to the plaintiff's predecessor in title in 1862 contains the following: "It is also agreed by the said Thompson (grantee) * * * that no building nor obstacle

shall be placed or allowed to remain on the space between the east line of Main Street and a line 32 feet east of said street line which shall in any manner obstruct the southerly view of Main Street from the windows of said Todd's (grantor's) house in which he now resides.'' Seven days after the delivery of this deed another instrument was executed, sealed and acknowledged by the parties to said deed whereby the grantee released to said Todd, his heirs, executors, administrators and assigns all right to obstruct the southern view of Main Street from the windows of said Todd's present dwelling, across the 32 foot strip referred to in said deed, and covenanted with the said Todd, his heirs and assigns that such view should not be so obstructed.

The sufficiency of the mesne conveyances to vest in these defendants the right reserved in the deed from Todd to Thompson is not questioned. Both parties have briefed and argued the case on the basis that the right so acquired was an easement and for the purpose of this opinion we treat it as such.

In this suit in chancery the plaintiff seeks declaratory relief and asks the court to find that the defendants have no enforceable easement of view over premises owned by the plaintiff and have no right to continue the connection of a certain sewer pipe extending from the premises of the defendants to premises of the plaintiff. The defendants, Vermont-Peoples National Bank, and Roland J. Fisher, did not appear or answer and the bill of complaint was taken as confessed as to them. The defendants Fleming, hereinafter termed the defendants, answered; hearing was had before the chancellor, findings of fact were made and it was thereafter decreed that the easement reserved in the deed from Todd to Thompson in 1862 is lost and is no longer in force. It was further ordered that the defendants might maintain the sewer pipe across the property of the plaintiff as it now exists but could not increase the size of the pipe now in use, or interfere with the right of the plaintiff to connect with this sewer as the pipe of the plaintiff is now connected or in any way interfere with the free flow of sewerage from the plaintiff's pipe. Both parties appealed and filed bills of exceptions.

From the chancellor's findings it appears that the defendants Fleming acquired their property in 1938 from the First Baptist Church who, prior to that time, had used the house as a parsonage. Prior to that it had been occupied by a doctor. Soon after

acquiring the property, the defendants moved the house to the rear of the lot and turned it about and permanently located it so that the front which formerly faced west on Main Street now faces north on Walnut Street. In 1939 that part of the lot on which the house formerly stood was leased for three years to the defendant Fisher who erected thereon a diner or removable restaurant which he intends to remove upon the expiration of his lease or when he shall vacate the property. After moving the house to its present location the defendants did some remodelling and made it into a two family tenement.

The plaintiff has briefed an exception to that part of the decree which establishes the defendant's right to use the sewer therein described. He concedes that the defendants and their predecessors in title have used this sewer pipe for more than fifteen years and have acquired the right to its use by prescription. He complains, however, that the use of the pipe by more than one family is in excess of the right of use acquired by prescription. True it is, as was said in *Dernier* v. *Rutland Ry. L. & P. Co.*, 94 Vt. 187, 194, 110 Atl. 4, that the owner of an easement cannot materially increase the burden of it upon the servient estate, nor impose a new or additional burden thereon. The trouble is that no material increase of the burden upon the servient estate is made to appear. There has been no change whatever in the size of the pipe and no change in its location upon any part of the plaintiff's premises. So far as appears the use of the pipe for a two family tenement may be less than its former use. But if the sewer is now used more frequently than heretofore it is not made to appear that the pipe is thereby subjected to any greater strain or that the burden upon the servient tenement is in any way materially increased. This exception is not sustained.

The question is raised by defendant's appeal whether the decree that the easement of view claimed by the defendants is lost and no longer in force is supported by the findings.

It is well established that in the construction of a deed the intention of the parties must govern if it can be ascertained from the language used. *The Cutler Co.* v. *Barber,* 93 Vt. 468, 473, 108 Atl. 400; *Parrow* v. *Proulx,* 111 Vt. 274, 277, 15 Atl. 2d 835. The extent of the right to light, air and view when claimed under an express grant or reservation must depend entirely upon the con-

struction of the terms of the conveyance, except in so far as the question may be affected by special statutory regulation. 28 C. J. S. 758 Sec. 78; *M. T. Garvin & Co.* v. *Lancaster County,* 290 Pa. 448, 139 Atl. 154; *Grafton* v. *Moir,* 130 N. Y. 465, 29 N. E. 974, 27 A. S. R. 533.

While the servient tenement to which an easement attaches must be real estate it has often been held that it may attach to some structure erected on the land and not to the land itself. In *Percival* v. *Williams,* 82 Vt. 531, 74 Atl. 321, it was held that a reservation to the grantor, his heirs and assigns, of the right to construct and maintain, in the mill buildings on the premises, a wheel, and to take water from the bottom of the flume through an aperture of a specified size created an easement in the mill buildings and flume only, which did not survive their destruction. See also the cases referred to and summarized in the opinion in this case. *Trudeau* v. *Field,* 69 Vt. 446, 454, 38 Atl. 162, holds that a grant of the right of drawing water from a certain dam created an easement only in the dam then in existence.

In other jurisdictions it has been held quite generally that the grant of a right of access to one building through a stairway or hallway of an adjoining building creates an easement only in the building and not in the soil of the servient estate and that such easement is extinguished by the destruction of the servient estate. *Shirley* v. *Crabb,* 138 Ind. 200, 37 N. E. 130, 46 Am. St. Rep. 376; *Brechet* v. *Johnson Hardware Co.,* 139 Minn. 436, 166 N. W. 1070, L. R. A. 1918 D 691; *Cohen* v. *Adolph Kutner Co.,* 177 Cal. 592, 171 Pac. 424, L. R. A. 1918 D 410.

The same principle has been applied in cases where the dominant tenement is a building which has been destroyed or has been so altered that the easement contemplated by the parties is no longer possible. A substantial change in the dominant estate may result in the extinguishment of an easement of light and air as where the building to which such an easement is appurtenant has ceased to exist. 28 C. J. S. 717, Sec. 53-b.

In *Cotting* v. *City of Boston,* 201 Mass. 97, 87 N. E. 205, an easement of passage was granted through the building of the grantor for the purpose of passing and repassing to the chambers of the store thereby conveyed. Both buildings were then two

stories in height. It was held that the easement had been extinguished by the substitution for the dominant building of a modern office building many stories high in which there were no living quarters.

*Lippitt et al.* v. *Weenat Shassit Association*, 52 R. I. 100, 157 Atl. 878, is quite similar to the present case. In 1791 the predecessor in title of the respondent in his deed to the complainant's predecessor in title covenanted that a twelve foot strip of grantor's land should remain unoccupied with any building or edifice "whereby the windows in Joshua Saunders' late dwelling may be obstructed or injured." The complainants prayed for an injunction against building on this strip which was denied, the court saying: "The easement was appurtenant to the dwelling house of Joshua Saunders, and in the absence of proof that this house is now in existence, complainants have failed to make out a case entitling them to relief."

The easement in the present case is narrowly limited. It does not include a right to light and air, except such as may be incidental to the right of view. There is reserved merely a right of view of Main Street, in a southerly direction only, from the windows of Todd's house in which he resided at the time he executed the deed to Thompson, or from the windows of his then present residence, as stated in the supplemental agreement. It seems clear that the parties intended by the language used to create an easement appurtenant only to the house then standing on the Todd property, and that when that house was permanently removed to a location where, it is found, there is no southerly view of Main Street from any of its windows, the easement was extinguished.

The conclusion which we reach makes it unnecessary to consider the other grounds upon which the easement is claimed to have been lost, or the other exceptions briefed by the respective parties.

*Decree affirmed.*