# Newton Dennis, Fannie Dennis, Robert Dennis and Evelyn Burleson v. Douglas French

[369 A.2d 1386]

No. 115-75

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 1, 1977

*Gary D. McQuesten* and *Oreste V. Valsangiacomo, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiffs.

*Witters, Zuccaro, Willis & Lium,* St. Johnsbury, for Defendant.

**Larrow, J.** This action arises from the placing of a barricade by the defendant across a driveway, over which plaintiffs claim a right of user by prescription. They sought injunctive relief, and also monetary damages. The trial court granted the injunction, along with a declaration of title to the disputed area in the

defendant, and awarded no monetary damages. The defendant appeals.

Plaintiffs Newton and Fannie Dennis are husband and wife. Robert Dennis is the son of Newton and Fannie. The parents own a home on the north side of Route 302 in the town of Groton, having taken title and possession in 1938. In the summer of 1973 the plaintiffs placed on the rear of this lot a mobile home, presently occupied and owned by Robert Dennis and Evelyn Burleson. The defendant took title to and possession of the property next easterly in 1970. Each lot has a dwelling house adjacent to the highway.

At issue are claimed rights of user, by the plaintiffs, of a driveway between the two dwellings. It is found and undisputed that until 1973 all of the driveway was on the defendant's land, his west boundary being the foundation line of plaintiffs' shed extended north and south. The drive was L-shaped, running north from the highway, then turning east behind the defendant's house. In 1973, with the erection of the mobile home, the plaintiffs constructed, on their own land, a roadway leading northerly from the heel of the L to the mobile home, some 200 feet north of the original residence. This is now in at least daily use, by auto, each way, with ingress and egress to it being over the original right-of-way. It is this new and increased use that is contested by the defendant. He claims (a) that one prescriptive right of user found by the court is not supported by the evidence, and (b) that this new user is without right, since it increased the burden on the servient tenement beyond those rights acquired by the plaintiffs by prescription.

■ Although the trial court made extensive findings, some facts ordinarily required to support its decree are lacking. They may, however, to some extent be supplied. The act of erecting a barricade by the defendant, an element of injunctive relief, is not found. It was, however, alleged in the complaint, and not denied in the answer. It is, therefore, admitted under V.R.C.P. 8(d), and we will take it as established, especially since the parties do not now contest it. Nor is there any finding that plaintiffs' user was under claim of right, at least as to the whole width of the driveway, the only material finding being a claim of "the land up to and including the center of the driveway." This would ordinarily be fatal to plaintiffs' whole claim. *Russell* v. *Pare*, 132

Vt. 397, 401, 321 A.2d 77 (1974); *Barber* v. *Bailey*, 86 Vt. 219, 223, 84 A. 608 (1912); *Wilder* v. *Wheeldon*, 56 Vt. 344, 352 (1883).

■ A part of the court's conclusions, however, can be supported on appeal because they are admitted by the defendant. A prescriptive right of user in the plaintiffs was found, over the roadway in question on the French premises, for:

> (a) Hauling of firewood unto the Dennis property, by entering said roadway from Route 302 and unloading wood in the vicinity of the northeast corner of the houseshed of the Dennis property.
> (b) Entering and leaving the Dennis property, by foot and tractor, for the purpose of cultivating and harvesting a household garden on the Dennis property behind the house.
> (c) Hauling hay, stones and brush from the Dennis property behind the house by truck or tractor.
> (d) To gain access to a chicken house maintained behind the house.
> (e) To park a pickup truck next to the shed.

The rights outlined in (a), (b), (c), and (d), *supra*, are admitted by the defendant. The right to park a pickup truck is disputed.

An examination of the transcript reveals the disputed finding as to right to park to be without evidentiary foundation. The only testimony as to such parking was about parking a truck owned by the plaintiff Robert Dennis, for a period of "three or four years. . .maybe five years." This is far short of the prescriptive period of fifteen years, and the finding cannot be supported.

■■ The remaining issue for consideration is the claimed right of the plaintiffs to use the driveway in question for daily access to and egress from the mobile home on the rear of the lot, occupied by Robert Dennis and Evelyn Burleson. The trial court, although it cited no cases, evidently recognized the principle involved, because it concluded:

> 28. No credible evidence was presented from which this Court can find that the plaintiffs have materially increased the burden on the prescriptive easement they have acquired in the driveway in question or have they imposed a new and additional burden on it.

It is clearly the law in this jurisdiction that the owner of an

easement cannot materially increase the burden of it upon the servient estate, nor impose a new or additional burden thereon. *Dernier* v. *Rutland Ry., Light & Power Co.*, 94 Vt. 187, 194, 110 A. 4 (1920). The *extent* of the *presumed right* is determined by the *user*, upon which is founded the presumed grant; the right granted being only *co-extensive* with the right enjoyed. *Town of Shrewsbury* v. *Brown*, 25 Vt. 197, 204 (1853), accord, *Hopkins the Florist, Inc.* v. *Fleming*, 112 Vt. 389, 391, 26 A.2d 96 (1942).

In light of the foregoing, the court's conclusion cannot be sustained, in light of its specific factual finding, fully supported by the evidence, that the increased present user, by vehicle, to and from a newly erected additional dwelling, is on at least a daily basis. The four uses found to have existed over the prescriptive period were limited in purpose and exercised only seasonally and sporadically, in connection with occupancy of the plaintiffs' original dwelling. This new user we hold, as a matter of law, to increase the burden on the servient estate, and to extend the right acquired by the plaintiffs' use. Any contrary intimations in *Hopkins the Florist, supra,* are distinguishable on its facts because there no additional burden on the sewer in question by a second house connection was established, nor was any change in pipe size, capacity, location or strain shown.

The judgment order entered below comprises two paragraphs. Paragraph (2) declares the boundary line between the parties, and is not in dispute. It may be affirmed. Paragraph (1) enjoins the defendant from blocking the driveway in question and from preventing plaintiffs' use of it for ingress to and egress from the Dennis property. As phrased, it cannot be supported, because plaintiffs' rights of user are confined to those conceded by the defendant, found by the Court, and set forth *supra* as (a), (b), (c), and (d).

*Paragraph (2) of the judgment order below is affirmed. Paragraph (1) thereof is stricken, and the cause is remanded for entry of a new judgment order, embodying the provisions of Paragraph (2) and amending Paragraph (1) to enjoin interference only with those undisputed rights set out as (a), (b), (c) and (d) in the opinion. Defendant shall recover his costs in each court.*