Edward E. and Barbara C. BUT-TOLPH v. Paul S. and Margaret W. ERIKKSON

[648 A.2d 824]

No. 92-059

May 3, 1993. Plaintiffs appeal from a decision of the superior court finding that defendants had established a prescriptive right to use a driveway which passed over a corner of plaintiffs' land. Plaintiffs also appeal the court's ruling that the roadway to which the disputed driveway led was a public way, and contend that the court's findings and conclusion of law regarding the public way should be stricken because the matter was not raised in the pleadings and not briefed by the parties. We affirm.

Plaintiffs first claim that it was reversible error for the trial court to find that defendants had established a prescriptive easement to the driveway across plaintiffs' property. Specifically, plaintiffs challenge Findings Nos. 12 and 13, which state that defendants did not have permission to cross plaintiffs' land, but rather that plaintiffs and their predecessors in title acquiesced to defendants' continuous, adverse, open and notorious use of the right-of-way since 1961. Plaintiffs argue that finding that defendants lacked permission to cross

the land was against the weight of the evidence and clearly erroneous, and therefore must be reversed. We disagree.

The establishment of a prescriptive easement or right of use is shown by "open, notorious, hostile and continuous possession of the property at issue for a period of fifteen years." *Community Feed Store, Inc. v. Northeastern Culvert Corp.*, 151 Vt. 152, 155, 559 A.2d 1068, 1070 (1989). The general rule is that open and notorious use will be presumed to be adverse and under a claim of right, unless there is found an exception which rebuts that presumption, such as evidence of permission of the owner of the land to use the right-of-way. See *Gore v. Blanchard*, 96 Vt. 234, 241, 118 A. 888, 891 (1922). Here, the court made findings of fact that there was "never any specific discussion" between plaintiffs' predecessors-in-title and defendants regarding permission to use the driveway, and that plaintiffs' predecessor testified that he "assumed that [defendant] had a right of way to go across there." The court further found that the plaintiffs themselves also acquiesced to defendants' use of the roadway for almost ten years.

Findings of the trial court must be affirmed if they are fairly and reasonably supported by credible evidence, *Laird Properties v. Mad River Corp.*, 131 Vt. 268, 278, 305 A.2d 562, 568 (1973), and are not "clearly erroneous." *Russell v. Pare*, 132 Vt. 397, 402, 321 A.2d 77, 81 (1974); see V.R.C.P. 52. In the present case, there was ample evidence presented to support the court's findings, and we are not left with "the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Nor do we find that the court applied an incorrect legal

standard to the facts. It was therefore well within the court's discretion to find that the evidence presented supported a holding that defendants were not given permission and that they possessed a prescriptive easement to the driveway. As these findings were based on and supported by credible evidence, they are not clearly erroneous and must be upheld.

Plaintiffs next argue that it was reversible error for the trial court to have concluded that defendants' use of the driveway was general in scope and that their use of their property as a primary, full-time residence since 1976 did not materially increase the burden on plaintiffs' estate. Plaintiffs contend that the court's conclusions of law were erroneous because they were not supported by the court's own findings of fact which state that the use of the property was not full-time but "mostly seasonal during the years," as well as for vacations, Christmas, and every third weekend throughout the year. Plaintiffs dispute the trial court's interpretation and application of the holding in *Dennis v. French*, 135 Vt. 77, 369 A.2d 1386 (1977), the leading Vermont case concerning the extent of prescriptive easements. They cite *Dennis* to support their argument that the increase from seasonal use to daily use constituted an increased material burden on plaintiffs' estate and thus was prohibited as a matter of law, and that if any easement is found, it must be restricted to summers, Christmas, and every third weekend.

In *Dennis*, we found an increased material burden on the servient estate where the users of the prescriptive easement erected a second dwelling on their lot, which required construction of a new roadway leading into the original right-of-way.

Prior to the addition of the second house, use of the original right-of-way had been limited in purpose, seasonal and sporadic. Under those circumstances, where the addition of a new residence required use of a new roadway leading into the right-of-way for daily egress and ingress, we held that the increased use impermissibly extended the acquired prescriptive rights over the easement and was thus prohibited. Here, defendants have not increased their use of the driveway by constructing a second residence or a new roadway, nor have they changed the character of their usage of the driveway. The trial court found defendants' usage to be general use for access to the north, a finding supported by the evidence and not clearly erroneous. Plaintiffs have not suffered an increased burden on their land; in fact, defendants had been using their property as their primary residence for three years prior to plaintiffs' purchase of the servient lot. Any increase in defendants' use of the driveway after becoming full-time residents on their property was a reasonable change in usage and is not grounds for now limiting their usage of the driveway. See *Hopkins the Florist v. Fleming*, 112 Vt. 389, 391, 26 A.2d 96, 97–98 (1942) (conversion of one-family house to two-family house did not increase burden on servient estate and therefore prior existing prescriptive right upheld).

Plaintiffs' final argument is that it was reversible error for the court to find that Shore Road was a public way and that the findings and conclusions of law regarding the public way should be stricken. Plaintiffs claim that the court's conclusion was an error of law and beyond the scope of the case because the issue was not raised by the pleadings and was not briefed. "Our rule is that we will af-

firm a ruling of a trial court upon any legal ground shown by the record, even though the ground may not have been raised below and may not be briefed." *Fuller v. City of Rutland,* 122 Vt. 284, 287, 171 A.2d 58, 60 (1961); see also *Richards v. Union High School District No. 32,* 137 Vt. 132, 134, 400 A.2d 987, 989 (1979) ("Error will not result in reversal if the record before us discloses any legal ground which would justify the result, even though the ground may not have been raised below and may not be briefed.").

Here, both parties briefed the issue of whether defendants had a prescriptive easement over the Shore Road and presented relevant evidence. Ample evidence was also in the record, however, which would support the trial court's findings and conclusions of law that the Shore Road was a public way, and the issue was part of the case as tried. Both plaintiffs and defendants gave testimony regarding general traffic usage by the public over the Shore Road and the usage under claim of right by the landowners abutting the road. In determining whether a prescriptive right to a roadway can be acquired in the public, the court must consider whether the public's use was open, notorious, adverse and under a claim of right, and that the use was continuous for the requisite period. *Gore v. Blanchard,* 96 Vt. at 241, 118 A. at 891. In *Gore v. Blanchard,* a prescriptive right in the public was not found where a small road leading to a pond was used by neighbors for the sole purpose of obtaining ice in the winter, and occasionally for fishing. That use was found to be a mere "neighborly concession" as there was "no claim that ordinary travel ever passed [that] way" nor was it found to have been used for public purposes as a public way. *Id.* at 240, 118 A. at 891.

The present facts, however, are distinguishable from those of *Gore.* Here, the trial court specifically found that the Shore Road was a public way and that the "roadway use by the public has been for very many years by residents of the area and the public in general." Those findings are supported by the record and are not clearly erroneous. The court's conclusions of law that no presumption of permissive use by the public is found under these circumstances is also supported by the evidence in the record. Therefore, we hold that it was proper for the trial court to reach its conclusion that the Shore Road is a public way even though the issue was not briefed by the parties and, because it was based on legal grounds supported by the evidence in the record, affirm the ruling regarding the public way.

*Affirmed.*