2006 VT 22

**Peter GUIBORD, Co-Executor of the Estate of Richard Guibord v. Joyce SCHOLTZ**

[895 A.2d 202]

No. 04-372

¶ 1. March 1, 2006. Plaintiff Peter Guibord appeals from the superior court's judgment in favor of defendant Joyce Scholtz denying the Guibords a prescriptive easement to cross over the Scholtzes' land. Plaintiff contends the superior court's conclusion that the Guibords' use of the Scholtzes' land was permissive rested on factual findings that relied on inadmissible evidence and ignored relevant admissible evidence. Plaintiff also contends the superior court erred in failing to presume the existence of the Guibords' alleged easement in the absence of admissible evidence to the contrary. We affirm.

¶ 2. Since 1916, the Guibords have owned a small island ("Guibord Island") off the northern tip of Grand Isle.[1] In

___

[1] Plaintiff contends the parcel is not an island because it can be reached from the northern tip of Grand Isle when the water is low. As this factual question was

1921, the Scholtzes acquired title to property at the tip of Grand Isle, just south of Guibord Island. A private road runs across land to the south of the Guibord and Scholtz parcels and ends at the northern tip of the Scholtz property. Plaintiff's family has often used the private road as a means of access to Guibord Island, driving to the northern end of the road, parking cars by a docking area, and using boats to transport people and supplies to the island. In 1989, the Scholtzes, through counsel, sent a letter to the Guibords demanding that plaintiff's family end its practice of crossing the Scholtz property and parking cars there, or else begin paying a $700 fee per season. The Guibords responded that they had obtained a prescriptive easement over the Scholtz property that allowed them to continue using the road and parking, and they continued to use the property without paying a fee. In September 1999, defendant served plaintiff with a notice against trespass. In response, plaintiff filed an action in the superior court seeking declaratory and injunctive relief. Along with the complaint, plaintiff moved for a temporary restraining order and preliminary injunction allowing the Guibords to continue using the Scholtz property. The superior court granted the temporary restraining order and scheduled a hearing on the motion for preliminary injunction for October 1999. During the hearing, the parties agreed that the Guibords could continue to cross the Scholtz property until the resolution of the trial.

¶ 3. A bench trial was held in March 2004, during which members of both families testified as to the extent and nature of the Guibords' use of the Scholtz

___

resolved in defendant's favor by the superior court and is not relevant to the questions presented on appeal, we refer to the parcel as an island.

property. Due to her poor health at the time of the trial, defendant testified only by deposition. In addition to testimony, plaintiff presented documents, photographs, and films purporting to demonstrate the Guibords' use of the Scholtz property from the time the family acquired Guibord Island. In July 2004, the superior court granted judgment to defendant, concluding that the Guibords had not acquired a prescriptive easement because their use of the Scholtz property was not hostile for any continuous fifteen-year period. The court found that "the Guibords had permission to cross the Scholtz property during all relevant times that members of their family owned the Island before 1989." The court based this conclusion primarily on its finding that "[i]n light of all the evidence and considering the demeanor of the witnesses, ... the testimony of [the Scholtzes] was credible and the testimony of [the Guibords] that permission was never given was not credible." This appeal followed.

¶ 4. Plaintiff first argues that the superior court's factual findings were not supported by sufficient admissible evidence. Plaintiff finds fault with three elements of the superior court's findings: (1) the court's statement that it found the Scholtzes' testimony more credible than the Guibords'; (2) the court's disregard of the Guibords' documentary evidence; and (3) the court's reliance on inadmissible evidence from defendant's deposition testimony. We review the court's findings of fact for clear error. *Mizzi v. Mizzi*, 2005 VT 120, ¶ 7, 179 Vt. 555, 889 A.2d 753 (mem.). "Findings will be sustained on appeal unless, viewing the evidence in the light most favorable to the prevailing party, there is no credible evidence to support the findings." *Okemo Mountain, Inc. v. Lysobey*, 2005 VT 55, ¶ 8, 178 Vt. 608, 883 A.2d 757 (mem.). Absent clear error, we will uphold the trial court's

findings regardless of any inconsistencies or evidence to the contrary. *Id.*

¶ 5. Plaintiff claims that it was clearly erroneous for the court to conclude that the witnesses from the Scholtz family were more credible than the witnesses from the Guibord family. We disagree. While the Guibords presented exhibits to supplement their testimonial evidence, many of the key conclusions at trial depended on which side's testimony was more credible, especially the crucial factual determination of whether the Guibords' use of the Scholtz property was hostile or permissive. To establish a prescriptive easement, the Guibords were required to show that their use of the Scholtz property was open, notorious, hostile, and continuous during a fifteen-year period. *Buttolph v. Erikkson*, 160 Vt. 618, 618, 648 A.2d 824, 825 (1993) (mem.). No prescriptive easement could be established if the Guibords' use of the Scholtz property was with the permission of the Scholtz family. *Id.*

¶ 6. The Guibords testified that they had not received permission to use the Scholtz property at any time, and the Scholtzes testified that the Guibords had always used their property with express permission. The superior court had little to go on besides the credibility of the individual witnesses, and it was in the best position to make a credibility determination. See *Peckham v. Peckham*, 149 Vt. 388, 390, 543 A.2d 267, 269 (1988) ("We recognize that the trial court is in the unique position to assess the credibility of the witnesses and the weight of all the evidence presented.") (quotation omitted). Plaintiff does not dispute the court's finding that the Guibords' testimony was not credible. Instead, plaintiff argues that the superior court could not reasonably find the Scholtzes more credible than the Guibords because defendant testified only by deposition and not in person. The fact that defendant did not testify in person did not limit the

court's discretion in weighing her credibility. If the court could not weigh the credibility of defendant's deposition testimony based on factors besides defendant's general demeanor, it could not logically consider that testimony at all, and the purpose of allowing such testimony would be defeated.

¶ 7. Even if the deposition was insufficient to allow a credibility determination, the court could have considered defendant's demeanor when she testified in person at the preliminary injunction hearing. Plaintiff points out that when defendant testified at that hearing she contradicted herself. During the hearing, plaintiff confronted defendant with a two-page letter in which the Guibords and Scholtzes apparently stated that both families possessed prescriptive easements along the entire length of the private road leading to the southern boundary of the Scholtz property.[2] Defendant first testified that she had read and signed the letter, then, after a recess, denied having seen the first page of the letter. While this reversal could indeed call defendant's credibility into question, it was not clearly erroneous for the trial court to determine that defendant's tes-

---

[2] This letter was related to a previous dispute in which the Guibords and Scholtzes acted together to prevent their neighbors to the south from altering the road. Defendant claims the dispute and the letter refer only to the parties' rights to cross the lands south of the Scholtz property. We need not resolve the question of the letter's meaning. To the extent it rebuts evidence of permission, the court implicitly rejected this inference; to the extent it supports a claim of easement by estoppel, plaintiff failed to raise such a claim below, and we therefore do not address it. *Noble v. Kalanges*, 2005 VT 101, ¶ 28 n.5, 179 Vt. 1, 886 A.2d 767.

timony was nonetheless credible. The nature of this dispute was such that certain parts of both sides' testimony could have been interpreted as self-serving and unreliable. We cannot conclude that the superior court's determination of the relative credibility of the Guibords and the Scholtzes was clear error based on a single inconsistency in defendant's testimony.

¶ 8. Nor may we overturn the court's factual findings because the findings ignore substantive evidence supporting plaintiff's position. Plaintiff argues that the court was required to explain why it did not accept the disputed letter and other documentary evidence as conclusive evidence of the Guibords' easement. Besides the aforementioned letter, the other documents included letters indicating an agreement to share the costs of keeping up the private road, as well as papers relating to a dispute in which the parties opposed their neighbors' attempt to change the location of the road. These documents could have supported an inference that the Guibords possessed a prescriptive easement, but the superior court implicitly rejected such an inference by crediting the Scholtzes' testimony that the Guibords' use of the Scholtz property was permissive. The court was not required to mention plaintiff's documentary evidence explicitly. While "the trial court must make findings upon all material issues raised by the pleadings and the evidence," *Harman v. Rogers*, 147 Vt. 11, 19, 510 A.2d 161, 166 (1986), "'[t]he law does not contemplate that the trial court should re-state the evidence nor report all the subordinate facts.'" *Valeo v. Valeo*, 132 Vt. 526, 531, 322 A.2d 306, 310 (1974) (quoting *McKinney v. Kelley*, 120 Vt. 299, 303, 141 A.2d 660, 664 (1957)). As we have stated above, we will not overturn the court's findings based on the presence or weight of contrary evidence. *Okemo Mountain, Inc.*, 2005 VT 55, ¶ 8.

¶ 9. We agree with plaintiff, however, that the superior court erred in making findings that relied on inadmissible evidence. During her deposition, defendant testified at length regarding her father's grant of permission to the Guibords to cross the Scholtz property using the private road. Some of this testimony referred to periods of time before defendant's birth. Defendant was born in 1931, and testified during her deposition that her earliest memories were from the late 1930s. The court ruled that defendant's testimony referring to her father's actions during the 1920s was inadmissible because it was not based on defendant's personal knowledge. When the court issued its decision, however, it made findings of fact regarding events that took place during the 1920s, including its findings that defendant's father had invited the Guibords to cross their land in the 1920s and that defendant's father owned the only key to a locked gate blocking unauthorized access to the Scholtz property. The only evidence in the record supporting these findings was defendant's testimony, and that testimony had already been ruled inadmissible. Thus, it was clear error for the court to make these findings.

¶ 10. Plaintiff next contends that the superior court's legal conclusion must be overturned because of its erroneous factual findings. We will not reverse the court's decision based on an erroneous finding if it was not essential to the decision. *Peckham*, 149 Vt. at 390, 543 A.2d at 269. Plaintiff argues that without the erroneous findings, a presumption arises that the Guibords established a prescriptive easement between 1916 and the late 1930s because there was no evidence from that period showing that permission existed for the Guibords to use the Scholtz property. In making this argument, plaintiff relies on "[t]he general rule ... that open and notorious use will be presumed to be adverse and under a

claim of right, unless there is found an exception which rebuts that presumption, such as evidence of permission." *Buttolph*, 160 Vt. at 618, 648 A.2d at 825. We hold that no such presumption was established because plaintiff failed to show open and notorious use prior to the late 1930s. See *id.* (stating that *"open and notorious use* will be presumed to be adverse") (emphasis added).

¶ 11. Other than the documents establishing each family's title to its respective parcel, the record is almost entirely devoid of evidence properly admitted at trial relating to the Guibords' use of their parcel or the Scholtz property prior to the late 1930s. Plaintiff identifies several undated photographs, as well as silent film footage, dated between 1935 and 1937, depicting the Guibords' use of both parcels. This evidence was not sufficient to demonstrate the Guibords' open, notorious, and continuous use of the parcel for a fifteen-year period prior to the late 1930s. Even absent evidence of permission, the superior court was not required to presume the establishment of a prescriptive easement during that period, and thus, the court's erroneous findings were not essential to its decision.

*Affirmed.*