*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-276

JANUARY TERM, 2014

| | |
|---|---|
| Joseph H. Hall, Mary I. Hall, Scott Maguire and Mary H. Maguire | APPEALED FROM: |
| v. | Superior Court, Bennington Unit, Civil Division |
| Christopher E. Denio and Holland Co., Inc. | DOCKET NO. 197-6-11 Bncv |
| | Trial Judge: Karen R. Carroll |

In the above-entitled cause, the Clerk will enter:

Plaintiffs filed this action seeking a declaratory judgment that they had established a prescriptive easement along a logging road crossing defendant Christopher Denio's property.* The civil division entered judgment for defendant, finding that plaintiffs did not have a prescriptive easement because their use of the property was not continuous or hostile. On appeal, plaintiffs argue that the facts demonstrate a fifteen-year period of continued use and that there was no permissive use. We affirm.

The court found the following facts. Plaintiffs own a parcel of land in Bennington, which includes a thirty-acre woodlot. The property is bordered on the west and northwest by defendant Denio's land. To the south of Denio's property is land owned by defendant Holland Company. Plaintiff Joseph Hall's parents bought the land in 1937, and he remembers spending time there with his family as early as 1940, when he was eight years old. To access the woodlot Hall's family traveled over the property of the Holland Company and Denio on an old logging road. Plaintiffs claim they have established a prescriptive easement over this logging road.

The road was used consistently between 1940 and 1953. The woodlot was not used for harvesting wood between 1953 and the 1970s, and plaintiffs used the road only two or three times during that time. There was infrequent use between the 1970s and 1990s. There was no evidence concerning whether prior to 1990 the owners knew of plaintiffs' use of the property and consented to it. Plaintiffs currently use the woodlot for recreation and for harvesting wood, which they use to heat their home.

Denio purchased his property in 1990. At the time, the logging road was almost impassable. Denio greatly improved the logging road on his own land, and fixed a drop-off onto plaintiffs' woodlot. Soon afterwards, to access a gravel pit on his property Denio improved a road from the Holland property to his land with Holland's permission. In 2004, Denio asked

---

\* Defendant Holland Company, Inc. was voluntarily dismissed as a party prior to trial after reaching a settlement with plaintiffs.

plaintiffs whether they had any objection to him moving the road on his property so he could transport gravel onto the location of the roadway. Hall discouraged Denio from making any improvements which would interfere with access on the roadway to Hall's lot. There is a gate at the intersection between the Holland Company property and the highway west of the Denio/Hall properties. There is also a gate where the road from the Holland Company meets the Denio land that was put in place by Denio after he purchased the property. Denio provided Hall with a key for the gate. In April 2011, the parties argued after plaintiffs' dogs got loose and allegedly bit defendant's dog. Thereafter, Denio blocked access to the road, which forced plaintiffs to purchase wood for the season because they could not retrieve their wood. This incident prompted plaintiffs to file this suit.

Following a trial, the court found that there was no proof of a continuous fifteen-year period of use prior to 1990. Although the road was used frequently and consistently between 1940 and 1953, the use became sporadic between 1953 and 1990. The court further found that for the period after 1990 plaintiffs used the property with Denio's implied permission and therefore the use was not hostile.

To prove a prescriptive easement, plaintiffs needed to demonstrate that their use of the logging road was "open, notorious, continuous for fifteen years, and hostile or under claim of right." Schonbek v. Chase, 2010 VT 91, ¶ 8, 189 Vt. 79 (quotation omitted). The "nature and scope of the use of property during the prescriptive time period establishes the general outlines of the easement." Id. ¶ 9 (quotation and alteration omitted).

Plaintiffs first argue that their use was sufficiently continuous for fifteen years, and the court erred in finding otherwise. Plaintiffs claim that the Hall family acquired the property in 1937 and this was sufficient evidence to show that the family began using the property immediately and used it continuously until 1953, thereby establishing a fifteen-year period of use. We view the evidence in the light most favorable to the prevailing party and will uphold the court's findings of fact unless clearly erroneous. First Congregational Church of Enosburg v. Manley, 2008 VT 9, ¶ 12, 183 Vt. 574 (mem.). The court's finding that plaintiffs' use did not begin until 1940 is supported by the evidence. Although Hall's parents purchased the property in 1937, there was no evidence concerning use of the road between 1937 and 1940. Therefore, the court did not err in finding that the road was not used until 1940 when Joseph Hall remembered spending time at the woodlot.

Plaintiffs also contend that even their intermittent use after 1953 was sufficiently continuous to establish a prescriptive easement. Certainly, "continuous use is not synonymous with constant use. Continuity of use is merely such use as an average owner would make of the property, taking into account its nature and condition." Darling v. Ennis, 138 Vt. 311, 313-14 (1980). Even with that principle in mind, however, the findings do not support continuity of use from 1953 to 1990. During that time, plaintiffs' use was sporadic and the road was not used at all for a year or more at a time. Such intermittent use is insufficient to establish the open and continuous use required to establish a prescriptive easement. See Schonbek, 2010 VT 91, ¶ 11 (holding that infrequent, sporadic use insufficient to constitute continuous and open use). Therefore, plaintiffs failed to establish a fifteen-year period of continuous use prior to 1990.

Plaintiffs next argue that the court erred in finding that Denio granted them implied permission to use the road. Permission to use land negates the necessary element of hostility. Greenberg v. Hadwen, 145 Vt. 112, 115 (1984). In Greenberg, this Court concluded that the claimant had failed to establish the hostile-use requirement because the owner gave the claimant

implied permission to use the property.  Id. at 114-15.  Here, the court, relying on Greenberg, found that plaintiffs had implied permission to use the road.  The court inferred such implied permission from Denio's actions in providing plaintiffs with a key to access the roadway, discussing alterations to the road with plaintiffs, adding another gate because he was aware they were using it, and adding gravel to the road to provide plaintiffs with easier access.  See Machala v. Weems, 56 S.W.3d 748, 760 (Tex. Ct. App. 2001) (explaining that where owner put a gate at entrance to road and gave keys to claimants, claimants use was not adverse because it was with owner's consent).

On appeal, plaintiffs argue that the inference to be drawn from Denio's actions is that Denio was acknowledging plaintiffs' rights to access the roadway rather than granting plaintiffs permission to use the roadway.  Essentially, plaintiffs disagree with the court's assessment of the evidence.  "Absent clear error, we will uphold the trial court's findings regardless of any inconsistencies or evidence to the contrary."  Guilbord v. Scholtz, 2006 VT 22, ¶ 4, 179 Vt. 623 (mem.).  The evidence supports the trial court's inference that Denio's actions granted plaintiffs permission to use the roadway.  While Denio's actions could have supported an inference that Denio was recognizing plaintiffs' right to cross the land, the trial court rejected this interpretation of the evidence, and we will not reverse the court's findings based on the presence of contrary evidence.  Guilbord, 2006 VT 22, ¶ 8; see Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc., 2010 VT 33, ¶ 16, 187 Vt. 541 (explaining that on appeal this Court makes "all reasonable inferences in support of the trial court's judgment").  Given that the roadway was almost impassable when Denio purchased the property and plaintiffs had not been using it consistently for several decades, it was reasonable for the court to infer that Denio's acts of repairing the road, installing a gate and giving plaintiffs a key, and consulting plaintiffs regarding repairs were evidence of implied permission rather than recognition of a right of access.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3