### Constance Remes v. Nordic Group, Inc. and Tri-Nordic, Inc.

[726 A.2d 77]

No. 96-329

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed January 29, 1999

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellee.

*Peter F. Young* of *Miller, Eggleston & Cramer, Ltd.*, Burlington, for Defendants-Appellants.

**Skoglund, J.** Defendants Nordic Group, Inc. and Tri-Nordic, Inc. appeal the superior court's decision granting plaintiff Constance Remes prejudgment interest on the jury award based on promissory estoppel. Defendants claim the court erred in applying prejudgment interest as of right to the back pay award because the amount of back pay was neither liquidated nor capable of ready ascertainment at the time of plaintiff's termination. Additionally, defendants maintain that, even if an award of prejudgment interest were proper, the court abused its discretion by calculating the prejudgment interest from the date of termination to the date of judgment on the lump sum awarded by the jury. We affirm the grant of prejudgment interest, but remand for further elaboration or recalculation of the amount of interest awarded.

In 1989, defendants hired plaintiff on an at-will basis as an office manager responsible for performing accounting and bookkeeping services. In 1992, she took a three-month medical leave. Prior to going on leave, one of the corporate directors assured her that her job was safe and that she could take all the time she needed. During her absence, an audit disclosed accounting errors. Upon plaintiff's return to work, defendants informed her that she could not have the same job back. Instead, they offered her another job for considerably less money, but she declined the offer.

Plaintiff filed suit against defendants, alleging wrongful discharge under a promissory estoppel theory, and later amending the complaint to include breach of contract. She claimed that she had reasonably relied on the promise that she could return to her job upon return from medical leave and that the promise altered her at-will employment contract. The alternative theories of promissory estoppel and breach of contract were submitted to the jury, which returned a verdict on the basis of promissory estoppel finding defendants liable to plaintiff for $38,344.57. During trial, defendants objected to plaintiff's exhibit related to calculation of interest. The parties then

agreed that the court, not the jury, would determine the issue of prejudgment interest and the exhibit was withdrawn.

After the trial concluded, plaintiff argued to the court that prejudgment interest should be awarded either as of right, pursuant to Rule 54(a), or under the court's discretion. In response, defendants contended that this case did not warrant prejudgment interest and, alternatively, that it should be assessed only as and when the lost wage payments were due, not from the date her employment ended. The court granted plaintiff prejudgment interest at Vermont's statutory rate of twelve percent, see 9 V.S.A. § 41a(a), or $12.61 per day, from the date of plaintiff's termination until the date of entry of judgment on the entire jury award, without indicating whether it did so by discretion or as a matter of right. This appeal followed.

## I.

Pursuant to Rule 54, prejudgment interest may be "awarded as damages for detention of money due for breach or default." See Reporter's Notes to 1981 Amendment, V.R.C.P. 54. Such interest on a wrongfully-detained principal sum is awarded as of right where it is "liquidated or capable of ready ascertainment," or "in the court's discretion for other forms of damage." *Id.* Defendants' argument against assessment of prejudgment interest in this case focuses exclusively on whether the back pay award was liquidated or readily ascertainable. They fail to address, however, the court's well-recognized discretion to award prejudgment interest. See *id.* (prejudgment interest may be awarded in court's discretion for unliquidated forms of damages); *Estate of Fleming v. Nicholson*, 168 Vt. 495, 501, 724 A.2d 1026, 1030 (1998) (stating that *d'Arc Turcotte v. Estate of LaRose*, 153 Vt. 196, 569 A.2d 1086 (1989), did not eliminate traditional discretionary capacity to award prejudgment interest); *Smith v. Osmun*, 165 Vt. 545, 547, 676 A.2d 781, 785 (1996) (mem.) (where damages are not liquidated or reasonably ascertainable, decision to award prejudgment interest lies within discretion of trial court); *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141, 636 A.2d 744, 752 (1993) (upholding trial court's discretionary denial of prejudgment interest). Since prejudgment interest may be awarded either as a matter of right or by discretion of the trial court, we first review whether the award of prejudgment interest here represents an abuse of discretion. For us to conclude the court abused its discretion, it must appear that the court entirely withheld its discretion or that it exercised discretion for "clearly untenable reasons or to a clearly

untenable extent." *Vermont Nat'l Bank v. Clark*, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991).

Our analysis turns initially to whether prejudgment interest is available in a promissory estoppel case. In *Foote v. Simmonds Precision Products Co.*, we held that promissory estoppel could be used affirmatively, that is, as an independent cause of action. See 158 Vt. 566, 571, 613 A.2d 1277, 1280 (1992). We did not then have an opportunity to consider what type of damages may be recovered on the basis of promissory estoppel. Here, by contrast, to determine whether the trial court properly awarded prejudgment interest, we first must answer the more fundamental question of what remedy is afforded a successful plaintiff in a promissory estoppel case. Although the parties have not explicitly raised the question, we nonetheless take up the matter because we cannot decide the prejudgment interest issue without ruling on whether prejudgment interest constitutes an appropriate element of promissory estoppel damages.

Vermont courts have in the past allowed compensatory or reliance damages in promissory estoppel cases. See *Foote*, 158 Vt. 566, 613 A.2d 1277; *Stacy v. Merchants Bank*, 144 Vt. 515, 521-22, 482 A.2d 61, 64-65 (1984). We have never suggested, however, that promissory estoppel damages are coextensive with full contractual remedies. See 3 E. Holmes, Corbin on Contracts § 8.11 (1996) (promissory estoppel remedy is not necessarily co-extensive with damages for breach of contract). The nature of damages afforded must correlate to the nature of the action brought.

Promissory estoppel, as the term itself suggests, does not derive exclusively from legal origins; it has equitable as well as legal aspects.

> [T]he protean doctrine of "promissory estoppel" eludes classification as either entirely legal or entirely equitable, and the historical evidence is equivocal. It is clear, however, that both law and equity exert gravitational pulls on the doctrine, and its application in any particular case depends on the context in which it appears.

*Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 825 (2d Cir. 1994) (comparing promissory estoppel under Restatement (Second) of Contracts §§ 90, 139 (1981)). The mixed nature of promissory estoppel has led courts to treat the corresponding damages flexibly. See, e.g., *id.* at 826 (court retains discretion to award relief to avoid injustice); 3 Holmes, *supra*, §§ 8.8, 8.11 (doctrine of promissory estoppel may justify either equitable remedy or judgment for dam-

ages; promissory estoppel remedy is equitably molded ad hoc for each case according to dictates of good faith, conscience and justice). A remedial order in a promissory estoppel case must be fashioned carefully to achieve fairness to all parties according to the circumstances of a particular case. See *Kiely v. St. Germain*, 670 P.2d 764, 767 (Colo. 1983). While a full range of legal damages may be available, promissory estoppel plaintiffs are not necessarily entitled to them as of right. See *id.* (interests of justice sometimes best served by partial, rather than total, enforcement of promise); Restatement (Second) of Contracts § 90 cmt. d (full-scale enforcement by normal contractual remedies often appropriate for promise binding under this section, but relief may be limited).

■ An award of prejudgment interest in a wrongful termination case serves to compensate plaintiff for the lost use of money that plaintiff otherwise would have earned. See *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994). Since prejudgment interest constitutes a part of the normal remedy in such cases, see Restatement (Second) of Contracts § 354(1) cmt. c, illus. 7 (1981) (providing for prejudgment interest for damages in wrongful discharge suit), it is likewise available, under the court's discretion, in molding the relief that justice requires in a promissory estoppel case. *Merex*, 29 F.3d at 826. We now adopt this approach and hold that promissory estoppel damages should be discretely designed as corrective relief to rectify the wrong committed in a particular case. See Holmes, *supra*, § 8.8. We conclude that in this case it was within the trial court's discretion to award prejudgment interest. Our conclusion obviates the need to address whether prejudgment interest should have been awarded here as a matter of right. We nevertheless note that in a promissory estoppel case the question of interest may be more properly committed to the sound discretion of the trial court than awarded as of right given the mixed legal and equitable nature of the claim.

## II.

■ Next, we turn to defendants' contention that the method used to calculate the prejudgment interest amounted to error. Reversal of the court's prejudgment interest award is warranted only if the method of calculation chosen was so "irrational as to amount to an abuse of discretion." *In re Merrill*, 157 Vt. 150, 154, 596 A.2d 345, 348 (1991).

At trial, plaintiff requested $40,572.55 in damages. Her estimation of damages included her annual salary and benefits broken down to a

daily amount and then multiplied by the number of days between termination and trial that she had not worked at other jobs but also had not been too ill to work. The jury awarded plaintiff $38,344.57. Although the record before us shows that plaintiff's annual salary and benefits totaled $35,175.93, it fails to indicate what type of pay period defendants utilized. That is, we do not know if plaintiff was paid weekly, bi-weekly, or monthly. In a one-sentence order, the trial court calculated the prejudgment interest on the full amount of the jury award at twelve percent per annum, or $12.61 per day, from the date of plaintiff's termination until the date of entry of judgment — nearly three years.

■ Plaintiff depends on *Winey v. William E. Dailey, Inc.* to support the court's method of calculation. 161 Vt. at 141, 636 A.2d at 752. Granted, *Winey* does state that, "[i]n breach of contract cases, damages are to be measured at the time of breach with interest to the date of judgment." *Id.* The statement is accurate in the context of a faulty home construction case such as *Winey*; however, the same analysis does not necessarily control when one party pays the other for performance periodically. In the employment context, prejudgment interest should generally be assessed upon damages only as they become due. See Restatement (Second) of Contract § 354 cmt. b (interest not payable as damages for nonperformance until performance is due); Restatement (Second) of Contracts § 354(1) cmt. c, illus. 7 (calculating interest on back pay award for employee who is paid weekly). Consequently, plaintiff's reliance on *Winey* is misplaced.

Defendants also misperceive the applicability of the cases upon which they rely. For instance, they cite *Chandler*, 44 F.3d at 84, for the proposition that prejudgment interest must be computed on the lost payments only from the time they come due. It is true that, in both contract and tort actions, courts generally calculate prejudgment interest on back pay awards separately from the date of each missed salary payment, rather than from the date of termination. See, e.g., *id.* (tortious interference with contractual relations); Restatement (Second) of Contract § 354(1) (interest recoverable from time of performance on amount due, minus all deductions to which party in breach is entitled). Nonetheless, the *Chandler* court itself upheld the prejudgment interest awarded despite the fact the district court did not calculate interest on the missed wage payments as and when due. See 44 F.3d at 84. The *Chandler* court ultimately concluded that the

district court had not abused its discretion because a fair figure for the interest had been achieved. See *id.*

Just as courts have discretion in awarding prejudgment interest, courts likewise have some discretion to vary the method of calculating such interest. As we stated in *Fleming*, there is no abuse of discretion where the trial court uses a reasonable and established method to calculate prejudgment interest. See 168 Vt. at 503, 724 A.2d at 1032. Further, "there may be several equally valid methods of computation, each yielding a somewhat different result." *Merrill*, 157 Vt. at 155, 596 A.2d at 348 (internal citations omitted). This is particularly so in a case such as the one at bar where prejudgment interest is awarded on an undifferentiated, lump-sum verdict for a promissory estoppel claim. For example, where prejudgment interest is awarded on a lump-sum jury award for back pay, a court may choose to divide the back pay into annual amounts and assume each installment should have been paid on the last day of each year. See *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 903 F. Supp. 463, 474 (S.D.N.Y. 1995) (awarding prejudgment interest on lump-sum jury award of back pay by dividing into annual amounts and assuming each installment should have been paid on last day of each year); see also *Shannon v. Colorado Sch. of Mines*, 847 P.2d 210, 213-14 (Colo. Ct. App. 1993) (discussing several methods to calculate prejudgment interest on award for back pay in wrongful termination suit).

On the record before us, however, it is not readily apparent why the trial court chose the method that it did. As we noted above, the court must fashion promissory estoppel relief carefully to achieve fairness between the parties. While we would not necessarily overturn an award of prejudgment interest that avoids separate calculations for each lost wage payment, the interest must represent a fair figure that serves to rectify the wrong committed. Therefore, we remand the interest award for either further elucidation or recalculation.

*Affirmed in part and remanded for further proceedings consistent with this opinion.*