## Janet WEAVER v. Todd B. WEAVER

[790 A.2d 1125]

No. 00-444

November 9, 2001. Husband appeals the final order of divorce. Husband contends: (1) the court abused its discretion in considering husband's adultery in allocating the debt and property of the marriage; (2) the court erred in distributing husband's tax-deferred savings plan (TDSP) and car debt, and in awarding a clock to wife; (3) the court abused its discretion in failing to adopt husband's proposed parent-child contact schedule; (4) the court's maintenance award was erroneous; and (5) the court erred in not awarding child support. We affirm in part and remand for the calculation of separate maintenance and child support orders.

The parties were married on August 6, 1992, and have one child, a son Devin, born September 17, 1994. Wife has a high school education and worked eighteen hours a week at an off-track betting office at the time of the marriage. Husband has an associate's degree in electronics technology and has worked for IBM since 1982. Near the time of Devin's birth, the couple agreed that wife would stop working to stay at home to care for the child. In 1996, to accommodate husband's employment transfer at IBM, the family moved from Fishkill, New York, to Colchester, Vermont. The family eventually bought and moved into a three bedroom ranch home in Monkton. Husband began an extra-marital relationship with a woman he met through an internet chat room. After discovering the relationship, wife attempted to save the marriage and sought marriage counseling. Husband maintained his preference for his new partner and relationship, however, ending the marriage. The couple separated in September 1999, and husband moved in with his new partner.

The parties stipulated to shared joint legal and physical rights and responsibilities for Devin. At the final hearing, the court heard testimony on the issues of parent-child contact, spousal maintenance, and property distribution. The court adopted mother's parent-child contact proposal, which awarded mother parent-child contact during the school week, and father parent-child contact every weekend from Friday afternoon until Monday morning. Under the schedule, the parties alternate vacations

and school holidays and divide the summer evenly in two-week alternating intervals. The court awarded wife one-half the coverture share of husband's TDSP account and IBM retirement. The court reduced this award by part of the marital debt, resulting in a net award to wife of $9,733.62. The court awarded wife possession of the 1999 Ford Escort and ordered her responsible for the outstanding loan thereon from September 1, 2000 forward. Citing the tax consequences of maintenance and child support, the court awarded wife maintenance rather than child support. The court ordered husband to pay wife $3,000 per month for the first six years, then for the following six years, $2,500 per month. Husband appeals.

Husband first contends that the court abused its discretion in considering his fault when distributing the debts and assets of the marriage. Relying on cases from other jurisdictions, husband argues that only egregious conduct that shocks the conscience of the court should qualify as fault which may be considered by a court when dividing marital property. Husband maintains that adultery, even if proven, does not constitute fault which can influence a court's distribution of marital property. In Vermont, the family court has wide discretion in dividing marital property, and we will uphold its decision absent a showing of abuse or withholding of this discretion. *Trahnstrom v. Trahnstrom*, 171 Vt. 507, 509, 756 A.2d 1242, 1246 (2000) (mem.). In dividing marital property, the court may consider the respective merits of the parties. 15 V.S.A. § 751(b)(12). A family court does not abuse its discretion by including a party's conduct during coverture, including involvement in an extra-marital relationship, as one of the factors influencing a property award. See *Lewis v. Lewis*, 149 Vt. 19, 24, 538 A.2d 170, 173 (1987) (court did not abuse its discretion in considering wife's extra-marital affair as one factor in dividing

property). Thus the court did not do so here.

Husband argues in the alternative that wife failed to establish that husband engaged in an adulterous relationship before separation. He claims that he and his new partner effectively rebutted the incriminating e-mails evincing a sexual relationship. He also maintains that he and his current partner each testified that they were "just friends" and did not begin a sexual relationship until after the parties separated and husband immediately moved in with new partner. A review of the record reveals that there was sufficient evidence supporting the court's finding that husband had engaged in an extra-marital affair and that his decision to pursue this new relationship precipitated the end of the marriage. Wife testified that husband admitted he had an extra-marital sexual relationship in 1998 and that, after a few months of couples' counseling, had shared that he loved this other woman. It is the province of the trial court to weigh the conflicting testimony. See *Vt.Women's Health Ctr. v. Operation Rescue*, 159 Vt. 141, 149, 617 A.2d 411, 416 (1992). Therefore we will not disturb the court's finding on this point.

We also find unavailing husband's claim that the court erred in allocating the TDSP debt and car loan, and in awarding a clock to wife. Given his employment and earning history at IBM, husband, unlike wife, has the ability to acquire future capital assets and to absorb the TDSP debt and the one year of car loan payments husband made during the year of separation. See 15 V.S.A. § 751(b). The record supports the court's award of the clock to wife. The parties gave conflicting testimony on how this asset was acquired. The court did not abuse its discretion in accepting wife's version. Accordingly, we affirm the property award in its entirety.

Husband next contends that the court abused its discretion in rejecting his

proposed parent-child contact schedule. Husband argues that the best interests of the child and the parties would be better served by his parent-child contact schedule. On the record before us, we conclude the family court did not abuse its discretion in adopting wife's parenting schedule. Throughout the child's life, mother has been the child's primary caregiver. During the one year before the final order, the child lived with mother during the week and father on the weekends. The child has adjusted well to this schedule. The alternating holiday and vacation schedule maximizes the child's contact with both parents. That the court referenced the cause of the marital breakup does not render its decision erroneous.

Contrary to husband's claim, the final order does not conflict with the parties' partial final stipulation. The stipulation concedes that the parties were unable to reach an agreement regarding a parent-child contact schedule but anticipated that they would share the child on an equal basis. The final order comes close to the anticipated goal and allows flexibility in the summer schedule to allow for changes in the head-of-household filing status.

Finally, husband argues that the maintenance award exceeds wife's reasonable needs, the amount and duration of the maintenance award is excessive and the trial court erred in not awarding child support. While the family court has broad discretion in determining whether and in what amount to award maintenance, *Bell v. Bell*, 162 Vt. 192, 197-98, 643 A.2d 846, 850 (1994), in a decision we hand down today, *Gulian v. Gulian*, 173 Vt. 157, 790 A.2d 1116 (2001), we find that where the family court does not clearly delineate between maintenance and child support awards, we cannot review its findings. *Gulian*, 173 Vt. at 160, 790 A.2d at 1118-19. In *Gulian*, the family court awarded maintenance and did not award child support, assuming "at least some

portion of the maintenance award would be available to pay for the children's expenses." *Id.* at 160, 790 A.2d at 1119. We reversed and remanded the family court's award, noting "maintenance and child support are separate awards that serve different purposes." *Id.* at 160 n.1, 790 A.2d at 1118 n.1.

In the present case, the family court awarded no child support but awarded spousal support of $3,000 a month until 2006, and $2,500 a month until 2012. The family court reasoned, "[the] amount of spousal maintenance and absence of child support was arrived at after due consideration of the equal amount of time that Devin will spend with each party, the income tax consequences of both alimony and child support and the Defendant's serious fault for the break-up of the marriage." In fashioning its maintenance award, the court considered those factors it would consider when deviating from the child support guidelines, including the financial resources of each parent, the standard of living enjoyed while the family was intact, and the emotional and educational needs of the child. See 15 V.S.A. § 659(a). As in *Gulian* the court, in effect, combined child support and maintenance. This was error. See *Gulian*, 173 Vt. at 161, 790 A.2d at 1119.

Moreover, the maintenance award in this case was set to expire at the child's age of majority, suggesting that "maintenance would have to be used as child support, rather than awarding an independent amount for that purpose." *Id.* at 163, 790 A.2d at 1121. As *Gulian* points out, where a maintenance award will be reduced or halted at "the occurrence of a contingency related to the children, namely their reaching majority," that award could be considered child support for tax purposes, *id.* at 163 n.5, 790 A.2d at 1121 n.5 (citing 26 U.S.C. § 71(c)(2)), — a result certainly inconsistent with the family court's intentions in this case, to minimize the tax conse-

quences of the award. In any event, husband is correct that the trial court's failure to make a separate child support award makes it impossible to determine the amount actually intended for maintenance, and whether there is a reasonable basis to support it. See *id.* at 161, 790 A.2d at 1119.

*Affirmed in part and remanded for the calculation of maintenance and child support awards.*