<hr/>

2005 VT 120

Sheila MIZZI v. Brian J. MIZZI

[889 A.2d 753]

No. 04-256

<hr/>

¶ 1. October 24, 2005. Husband Brian J. Mizzi appeals from the family court's final divorce order dividing the parties' marital property. Husband contends that the court abused its discretion by: (1) failing to consider wife Sheila Mizzi's interest in property owned jointly with her mother as part of the marital property; (2) awarding possession of the marital home to wife; (3) dividing the marital property inequitably; and (4) allowing a relief-from-abuse order to remain in effect against husband until the end of the nisi period. We affirm.

¶ 2. The parties were married in Tampa, Florida on April 20, 1990. They had met in 1986 at a cat show, where husband was an exhibitor and wife, who also owned and operated a dog-grooming business, was a judge. Husband moved to Vermont in May 1994 and began construction of a three-bedroom marital residence on a 150-acre parcel of land in Fairfax, Vermont, which the parties owned as tenants by the entirety. Wife stayed in Florida until the summer of 1995, when she sold her business and joined husband in Vermont.

¶ 3. In addition to the Fairfax property, each of the parties held a one-third share in a piece of lakeshore property in Odessa, Florida, in which wife's mother held the other one-third share. Wife, her sister, and her mother were also listed as joint tenants on the deeds of four other properties in Florida and a house in St. Albans, Vermont. The parties stipulated to the division of most of their personal property, none of which is specifically at issue in this appeal.

¶ 4. The parties separated in September 2000, although they both continued to live at the marital home. Husband moved out of the marital home on March 11, 2002, after a dispute that resulted in a relief-from-abuse order against husband. On April 28, 2004, the family court issued an order granting the parties' divorce and dividing the marital property. The

court awarded possession of the marital home to wife, requiring wife to pay husband $190,000 for his share of the home. The court also decreed each party one-third of the Odessa, Florida property, ordering that the property be sold and the proceeds divided equally among husband, wife, and wife's mother. The court refused to award husband any portion of the property owned jointly by wife and her mother. Finally, the court refused to terminate the relief-from-abuse order immediately, instead leaving it in effect through the ninety-day nisi period, which ended July 1, 2004. Husband then appealed.

¶ 5. The property settlement section of Vermont's domestic relations law, 15 V.S.A. § 751, requires equitable division of marital property upon divorce, and provides twelve nonexclusive criteria to guide the family court in making this determination, including the length of the marriage, the role of each spouse in acquiring the property, the opportunity of each spouse for future earnings, and "the respective merits of the parties." 15 V.S.A. § 751(b). We have recognized, however, that "[d]ividing property to achieve an equitable result is not a science susceptible to hard and fast rules." *Slade v. Slade*, 2005 VT 39, ¶ 9, 178 Vt. 540, 872 A.2d 367 (mem.). Thus, Vermont family courts have wide discretion in the division of marital property, and we will uphold a family court's decision absent a showing of abuse or withholding of this discretion. *Weaver v. Weaver*, 173 Vt. 512, 513, 790 A.2d 1125, 1127 (2001) (mem.).

¶ 6. Husband first contends that the court abused its discretion in dividing the marital property by failing to consider wife's interest in the properties she held jointly with her sister and her mother. Husband maintains that because wife is listed on the deeds to these properties as a joint tenant, one-third of each property should have been included for equitable division by the court. Husband relies on *Chilkott v. Chilkott* and *Lynch v. Lynch* for the proposition that any form of property, no matter how or when it is acquired by either or both of the spouses, is subject to equitable division. See *Chilkott*, 158 Vt. 193, 195, 607 A.2d 883, 884 (1992) (holding that future interest in irrevocable trust was marital property subject to division); *Lynch*, 147 Vt. 574, 577, 522 A.2d 234, 235-36 (1987) (per curiam) (upholding family court's distribution of marital residence that was held in trust). Husband is correct that the court had jurisdiction over wife's share of the properties she owned with her mother. 15 V.S.A. § 751(a) ("All property owned by either or both of the parties, however and whenever acquired, shall be subject to the jurisdiction of the court."). The statute, however, instructs courts not to rely on title alone in dividing marital property. *Id.* ("Title to the property ... shall be immaterial ....."). Here, the court determined that while wife's name was listed with those of her sister and mother on each of the deeds, wife's mother was the actual owner of the properties in question. The court found that wife's mother had placed the names of her daughters on the deeds to avoid probate, and that both daughters understood that wife's mother retained "full authority to maintain, sell, lease or otherwise dispose of" the properties as she saw fit. The court did not abuse its discretion by looking behind the deeds and refusing to award any portion of these properties to husband. In fact, while the court would have been justified in ignoring wife's mother's properties for the purposes of equitable division, it took their value into account indirectly in its award of the marital home, stating that it "gave consideration to the fact that [wife's] mother will probably give [wife] financial assistance to pay [husband] his interest in the marital home."

¶ 7. Husband next argues that the court abused its discretion by awarding possession of the marital home to wife, and that the court lacked sufficient evidence to make the factual findings underlying this award. Factual findings will be overturned only if they are clearly erroneous. *Trahnstrom v. Trahnstrom*, 171 Vt. 507, 508, 756 A.2d 1242, 1244 (2000) (mem.). The court valued the home at $340,000 to $360,000. The court awarded possession of the home to wife, but required wife to pay $190,000 to husband for his share, stating that husband "shall have a $190,000 lien on the property until the balance has been paid in full." In reaching this decision, the court weighed each party's contribution to the home's purchase and construction, as well as evidence of each party's interest in physical possession of the home. The court found that both parties had contributed to the home's purchase and construction, with husband contributing funds and physical labor, and wife contributing financial support by remaining in Florida and operating her business. The court also found that wife's interest in remaining in the home was greater than husband's, noting that while wife had consistently asked for physical possession of the home, husband had initially asked to have it sold. The parties gave conflicting testimony about both the value of their contributions and the sincerity of their own and each other's desire for physical possession of the marital home. The record contains sufficient evidence to support each of the court's findings with respect to these issues. Even had husband not initially asked to have the property sold, the court could reasonably award physical possession to only one of the parties, and it was not an abuse of discretion for the court to find wife's interest in physical possession more compelling after hearing the parties' testimony. See *Begins v. Begins*, 168 Vt. 298, 301, 721 A.2d 469, 471 (1998) ("Given its unique position to assess the credibility of witnesses and weigh the evidence, we will not set aside the court's findings if supported by the evidence, nor its conclusions if supported by the findings.").

¶ 8. Husband also argues that the court abused its discretion by dividing the marital property inequitably. In some respects, this contention echoes husband's previous argument that the court erred in refusing to include wife's mother's properties for the purposes of equitable division. Had the court included wife's share of wife's mother's properties in the marital property, husband's award would have totaled approximately one-third of the property. Without including wife's mother's properties in the calculation, husband received greater than one-half of the property. Husband also contends, however, that the court's refusal to find in his favor on several statutory factors resulted in an inequitable division of property. Specifically, husband argues that the court should have awarded him a larger share of the marital property based on wife's greater opportunity for future earnings and her greater responsibility for the failure of the marriage. The guidelines for property division in the statute allow the family court to consider both of these factors. 15 V.S.A. § 751(b) (listing twelve factors the court may consider, "including but not limited to ... (8) the opportunity of each for future acquisition of capital assets and income ... and (12) the respective merits of the parties").

¶ 9. With respect to the parties' future earnings, husband again refers to wife's mother's wealth. The court considered this wealth in making its determination, stating that wife "has employable skills and, in time, she will be receiving a sizable inheritance from her mother." Nevertheless, the court found that the parties' opportunities for future acquisition of wealth favored neither husband nor

wife. The court weighed the prospect of wife's inheritance against husband's greater current income and the debt wife would incur to buy out husband's share of the marital home. The court also found that, based on the age of each party, husband could be expected to have eleven more years than wife to acquire income prior to retirement. Given the inherent uncertainty in the timing and amount of wife's inheritance from her mother, it was not an abuse of discretion for the court to determine that neither party had a greater opportunity for future earnings.

¶ 10. The court was equally justified in determining that the final statutory factor, "the respective merits of the parties," favored neither husband nor wife. Husband argues that wife bears greater responsibility for the failure of the marriage. He bases this argument primarily on wife's adulterous affair, and on evidence that she lied to the police about certain details of the violent dispute on March 11, 2002 that resulted in the relief-from-abuse order and husband's removal from the marital home. The court may consider extramarital affairs and other conduct during the marriage in making property awards. *Weaver*, 173 Vt. at 513, 790 A.2d at 1128. It is not clear, however, that the parties' conduct here should entitle husband to a greater share of the marital property. The record shows that both parties engaged in extramarital affairs, and the court declined to consider either party's infidelity in making the property award. In its analysis of the March 11, 2002 dispute, the court found that, after hearing all the evidence, it remained "difficult if not impossible" to determine what had happened that night. Under such circumstances, it was not an abuse of the court's discretion to decide that the parties' respective merits favored neither husband nor wife.

¶ 11. Finally, husband argues that the court abused its discretion by refusing to

lift the relief-from-abuse order against him until the end of the nisi period. As the nisi period has ended, this contention is moot.

*Affirmed.*