*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-268

MAY TERM, 2011

| | | |
|---|---|---|
| Lee Boisvert | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Family Division |
| | } | |
| Jacques Boisvert | } | DOCKET NO. 580-7-09 Cndm |

Trial Judge: M. Patricia Zimmerman

In the above-entitled cause, the Clerk will enter:

Wife appeals from a final divorce judgment, asserting that the trial court abused its discretion in dividing the marital property and awarding spousal maintenance. We affirm.

As the trial court summarized, this was "a long term marriage with a modest standard of living during the marriage." The parties were married in 1974 and had two children, a daughter and son, who were both adults at the time of these proceedings. Father was 61 years old at the time of the hearing and had worked for many years on the night shift for the postal service, earning a current base salary of $51,000 per year plus extra pay for overtime, holiday, and night shifts that increased his compensation to as much as $71,000 annually. He was planning to retire in the near future. Mother, who was 56, had little education and had worked a variety of jobs, earning a maximum of $34,800 per year, but had been unemployed since 2004.

Although a long term marriage, mother left the family home in 1996 to live separately and did not return until ten years later, in 2006. She moved out again in 2009, and was living with her brother at the time of the final hearing. Although the parties' son was 26 years old at the time of the hearing, he suffers from mental health problems that render him unable to live independently, and thus he remained in the marital home under the care and support of husband.

Following an evidentiary hearing, the court issued a final order and judgment of divorce in June 2010. The court awarded the bulk of the marital assets to husband. This included the marital home, which had an assessed value of $214,600, but which the court considered to be inflated, and husband's Post Office pension plan, which had a current value of $218,500, and would provide benefits of approximately $1000 per month when husband turns 62. The court awarded mother $40,000 from husband's $79,000 Thrift Savings Plan account—the Thrift Savings Plan is a federal retirement savings program, distinct from husband's Post Office Pension—as well as husband's Prudential whole life insurance policy, which had a cash value of almost $20,000. The court also awarded wife spousal maintenance of $200 per month for ten years. This appeal followed.

Wife contends the trial court's division of marital assets was so inequitable as to constitute an abuse of discretion. The court's statutory duty is to "equitably divide and assign"

the marital property in light of a number of factors, including the length of the marriage, the age, health, income, and earning power of the parties, the source of the property, and the parties' respective contributions, monetary as well as nonmonetary. 15 V.S.A. § 751(a), (b). The trial court enjoys broad discretion in considering these factors and is not required to weigh them "with mathematical precision." Dreves v. Dreves, 160 Vt. 330, 333 (1993); see also Slade v. Slade, 2005 VT 39, ¶9, 178 Vt. 540 (mem.) ("Dividing property to achieve an equitable result is not a science susceptible to hard and fast rules . . . ."). Thus, we will not disturb the trial court's decision absent an abuse of discretion, although a very large disparity in the award of assets may warrant a "close look" to ensure that the court acted within its broad discretion. Daitchman v. Daitchman, 145 Vt. 145, 150 (1984).

Wife asserts that, in awarding a relatively high percentage of the marital assets to husband, the trial court failed to give sufficient weight to the parties' long marriage, wife's contributions both financially and as a homemaker, and the disparity in the parties' respective incomes and prospects for future earnings. Wife's claim fails to consider, however, that a portion of the assets awarded to husband included over $10,000 in funds set aside for the benefit of their son and daughter, whom husband had been supporting in various ways both financially and otherwise for many years. The court also credited wife with having received $16,000 in credit card charges paid by husband, as well as a $14,000 court settlement and an $11,000 retirement account, all of which were marital assets that wife had recently spent for herself.

Furthermore, the record shows that the trial court fully appreciated the parties' lengthy marriage, but found that it was mitigated by wife's voluntary ten-year absence, between 1996 and 2006, from the marital home. Although the reason for wife's absence was ostensibly to care for her mother, the court found, and the record showed, that wife lived in her own apartment during most of this period of time in order to be closer to work. Furthermore, although wife claims that she contributed financially and non-monetarily to the family home, she conceded— as husband confirmed in his testimony and the court found—that she contributed nothing to the payment of the mortgage, groceries, or any household expenses since 1996, when she moved out. The court also found, and the record showed, that husband served as the primary care provider for the parties' emotionally troubled son, not only during wife's ten-year absence but also during much of the time before she left. Husband worked the night-shift for the post office and testified that he would routinely return home in the morning and—with the assistance of his daughter— prepare the son for school, take him to medical appointments, accompany him to school meetings, and otherwise attend to his special needs.

As for the parties' income and employment prospects, the trial court was careful to recognize husband's greater income, but also found that he was sixty-one years old and about to retire, which would reduce his income substantially. The court further noted that wife was six years younger than husband, in reasonably good health, and could be expected to seek additional training and return to the work force. To provide support in the interim, the court awarded wife more than half, or $40,000, of husband's Thrift Savings Plan account, and husband's Prudential whole life insurance policy with a cash value of nearly $20,000, for a total of about $60,000, as well as $200 per month spousal maintenance for a period of ten years.

Thus, contrary to wife's claim, this not a case where the trial court failed to provide careful and reasoned findings based on the record evidence to support the disparate property division. Cf. Harris v. Harris, 162 Vt. 174, 183 (1994) (reversing award of approximately eight percent of marital estate to wife where "the only tenable reason the court gave for its minimal award to the mother" was that most of the assets "came from the paternal grandfather"); Dreves. 160 Vt. at 334-35 (reversing property award where court failed to adequately explain facially

inequitable division apart from bare explanation that most assets were originally attributable to husband). Rather, the court explained that it had deliberately structured an uneven property distribution based on the record and the findings described above. We cannot conclude, therefore, that the decision was unreasoned or clearly erroneous, and thus find no basis to disturb the award.

Wife also claims specific inequity in the award to husband of the marital home, asserting that the trial court failed to consider wife's contributions to the household and improperly considered the interests of the parties' mentally disabled adult son. The claim is unpersuasive. The court recognized that there was "some evidence that [wife] contributed some of her salary to the household" before 1996, and husband testified that wife had performed some "traditionally female" responsibilities during this time, but—as noted—the weight of the evidence showed that husband had principally cared for the children and paid all of the carrying costs of the home. A court may properly take into account the parties' contributions in awarding the marital home, and we therefore find no error in this regard. See Williams v. Williams, 158 Vt. 574, 577-78 (1992) (holding that trial court's discretion in awarding marital home is "broad," and may factor in all of the statutory criteria, including the parties' respective contributions). As for the parties' son, while the statute refers to the "desirability of awarding the family home . . . to the spouse having custody of the children," 15 V.S.A. § 751(b)(9), the statutory factors are not exclusive, and we discern no reason why the court could not consider the uncontroverted evidence of father's plan to continue to care for the parties' disabled adult son in the family home. See Mizzi v. Mizzi, 2005 VT 120, ¶ 5, 179 Vt. 555 (mem.) (noting the "nonexclusive" nature of the statutory criteria for dividing marital property under 15 V.S.A. § 751(b)).

Wife also contends that the court improperly denied her an interest in husband's pension on the basis that he was the sole contributor to the asset. A court may consider the source of a marital asset—including a pension plan—in determining its proper distribution and may award a pension exclusively to the party whose contributions created it where the court finds it to be equitable. See Myott v. Myott, 149 Vt. 573, 578-79 (1988) (upholding court's award of husband's pension to husband free and clear of any interest in wife where statutory factors supported overall property division). Here the court found that wife had contributed little to husband's ability to work and fund the pension plan, and concluded that it was equitable that husband receive the asset free of any interest of wife. The court was within its discretion in so concluding, and we discern no basis to disturb its decision.

Finally, wife contends the court's award of spousal maintenance was insufficient. "A court has broad discretion in determining the amount and duration of a maintenance award, and we will set it aside only when there is no reasonable basis to support it." Stickney v. Stickney, 170 Vt. 547, 548-49 (1999) (mem.). Wife asserts that the award of $200 per month is inadequate to meet her needs and fails to account for the parties' respective incomes. In making the award, the court here specifically found that the $60,000 property award to wife could be used for investment or to meet her living expenses, and also found that wife was able to work and would be expected to seek employment to supplement the property settlement. These were proper considerations and were supported by the record evidence. See 15 V.S.A. § 752(b)(1) (in determining maintenance award, court may consider "the property apportioned to the party" and "the party's ability to meet his or her needs independently"). Wife claims that, to meet her reasonable needs, she would have to supplement the maintenance award by earning as much as $33,000 to $36,000 per year, which she argues is unrealistic and unreasonable. The court found, however, that wife had earned $34,800 per year in her last job, in 2003, a finding which she does not challenge. Thus, the record does not support wife's claim.

Wife also summarily claims that the court improperly calculated husband's support of their adult son into the property and maintenance awards. The court merely noted that husband had the responsibility of caring for their son and was dedicated to continuing to do so. As discussed, we find no error in this regard.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

4