*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-157

DECEMBER TERM, 2012

| | | |
|---|---|---|
| Dawn Adamson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Jeffrey Dodge | } | DOCKET NO. 474-6-99 Cndm |

Trial Judge: Brian Grearson

In the above-entitled cause, the Clerk will enter:

Father appeals the court's denial of his request for a hearing on a motion to modify child support submitted in December 2003. The court denied father's motion on the basis of laches, concluding that father offered no explanation for not requesting a hearing at an earlier date and that allowing a hearing to proceed after such a long delay would prejudice mother. The court also concluded that it lacked jurisdiction to entertain father's present motion to modify child support. We conclude that the court no longer had jurisdiction to modify the child support order and affirm.

The parties were divorced in 2000, and have been involved in litigation since then. This is the fourth time the parties' disputes have reached this Court. The current appeal involves child support. The complicated procedural history of this case, as recited by the family division, reveals that a final child support order issued in November 2003, requiring father to pay a monthly support obligation. In December 2003, father appealed that order, and almost simultaneously filed a motion to modify child support based on mother's new employment and move to another state. Around the same time, the parties were also involved in litigation surrounding parental rights due to mother's relocation. The motion to modify child support was scheduled for hearing several times throughout 2004 and 2005, but the hearings were delayed or canceled for various reasons. The final scheduled hearing was cancelled in July 21, 2005, and was not rescheduled. Apparently, the trial court erroneously thought the motion had been resolved, perhaps due to some confusion with the appeal of the child support order that father had filed around the same time. Whatever the reason, ultimately no hearing was held on the motion, and no order issued in response to the motion.

In 2012, father filed a motion for a hearing on his 2003 motion. The court acknowledged that the oversight led to cancellation of the final scheduled hearing, but denied father's motion. The court found that laches precluded father's claim since the delay in this case was both unexplained and prejudicial to mother. The court explained father had waited six years and offered no explanation for his delay in seeking a hearing. The court also denied father's request

to modify his current obligations, concluding that Vermont no longer has jurisdiction since neither parents nor children have resided in Vermont for more than three years. Father appeals.

On appeal, father argues that his motion to modify was never resolved, and therefore he is entitled to a hearing on the issue so that his claims can be addressed. He contends that laches should not bar him from obtaining judicial review because once he filed the motion it was not his obligation to seek a hearing.

We do not reach the laches question because we conclude that the jurisdictional issue is dispositive. The question of the family court's jurisdiction is a legal one that we review de novo. The family court has limited jurisdiction, the bounds of which are determined by statute. Office of Child Support ex rel. Lewis v. Lewis, 2004 VT 127, ¶ 7, 178 Vt. 204. We will not infer jurisdiction where it is not explicitly granted. Id. In this case, the court's jurisdiction to modify the child support order is governed by Vermont's version of the Uniform Interstate Family Support Act (UIFSA), 15B V.S.A. §§ 101-901. UIFSA was designed to coordinate jurisdiction between states and enforce child support orders among different states. Gulian v. Gulian, 173 Vt. 157, 164 (2001). Under UIFSA, a Vermont court has continuing jurisdiction to modify a child support order if the state remains the residence of the obligor, the obligee, or the benefitted child, unless all parties have filed written consents with the Vermont court for another state to modify the order. 15B V.S.A. § 205(a). Thus, Vermont may lose jurisdiction when all the relevant parties move out of state or if the parties file consents to have a different state retain jurisdiction over the matter.

The comments to UIFSA explain that "if all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify." Official Comment, 15B V.S.A. § 205. This is because "the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process." Id. While the issuing state's order remains valid and enforceable, it no longer has jurisdiction to modify the order. Id.

The trial court held that it lacked jurisdiction to entertain a current motion to modify because neither parents nor the children had been residents of Vermont for over three years. We agree, but extend that holding further. We conclude that the court lacked jurisdiction to modify the child support order either based on a present motion or on the motion filed in 2003. Under UIFSA, "only one tribunal has jurisdiction to modify a child support order at a time." Linn v. Del. Child Support Enforcement, 736 A.2d 954, 959 (Del. Supr. 1999). This is in keeping with UIFSA's goal of establishing "a set of 'bright line' rules which must be met before a tribunal may modify an existing child support order. The intent is to eliminate multiple support orders to the maximum extent possible consistent with the principle of continuing, exclusive jurisdiction that pervades the Act." Official Comment, 15B V.S.A. § 611. It is undisputed that father sought a modification of a preexisting child support order within the meaning of UIFSA. Once mother, father and the children permanently moved out of Vermont, Vermont lost jurisdiction to modify the child support order. In re Marriage of Myers, 56 P.3d 1286, 1290 (Kan. Ct. App. 2002) (citing cases). The relevant time period for determining Vermont's jurisdiction is the time when the court issues its order, not when the motion was originally filed. See McQuade v. McQuade, No. M2010-00069-COA-R3-CV, 2010 WL 4940386, at *11-12 (Tenn. Ct. App. 2010) (holding

that Tennessee lost jurisdiction to modify child support when parents and son permanently moved to Kentucky, notwithstanding parties' residence when motion was filed). Certainly, the delay in adjudicating father's motion is regrettable. Nonetheless, Vermont has not been the state of residence of father, mother or the children for some time. Thus, Vermont lacks jurisdiction to modify the child support order.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

3